## PEOPLE *v.* BLISS.

1. CRIMINAL LAW—AUTOMOBILES—ACCIDENT—DRIVER—NOTICE TO APPEAR.

A police officer may issue a notice to a person who is a driver of a motor vehicle involved in an accident when he has reasonable and probable grounds to believe such person has committed an offense in connection with the accident (CLS 1961, § 257.728, as amended by PA 1965, Nos 41 and 273).

2. SAME—NOTICE TO APPEAR—PLACE SPECIFIED.

The place specified in the policeman's notice to appear to a motorist, involved in an accident and believed to have committed an offense in connection with the accident, shall be before a magistrate within the township or county or probate court of the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense (CLS 1961, § 257.728, as amended by PA 1965, Nos 41 and 273).

3. SAME—DRIVING AT LESS THAN MINIMUM SPEED—NOTICE TO APPEAR—JURISDICTION.

The magistrate before whom a defendant must appear to answer a charge of violation of the motor vehicle laws *held*, not required to be in the township in which the offense was committed except in the 4 cases named in statute; hence, a magistrate in an adjoining township could have jurisdiction to hear case involving charge of driving on expressway at less than minimum speed (CLS 1961, § 257.727, as amended by PA 1965, No 41; CLS 1961, § 257.728 as amended by PA 1965, No 273).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 168 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 398, 399.

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 2 June 7, 1967, at Lansing. (Docket No. 2,826.) Decided December 4, 1967.

Harold W. Bliss was charged with violation of the minimum speed law on a freeway. Complaint and warrant quashed on motion in circuit court. The people appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *John D. Nickola,* Assistant Prosecuting Attorney, for the people.

LESINSKI, C. J. The people appeal from an order of the Genesee county circuit court which granted defendant's motion to quash the complaint and warrant and to dismiss the cause pending before the justice of the peace for the city of Mt. Morris for lack of jurisdiction.[1]

The defendant was involved in a two-car automobile collision on Highway I-75 in Flint township, Genesee county. The Michigan State police were contacted. They came to the scene of the accident, conducted an investigation, and issued a notice to appear[2] to the defendant which charged a violation of the minimum speed law, *i.e.,* driving at less than 45 miles per hour on an expressway.[3] The notice to appear specified that the defendant was to appear in the justice court of Loren T. Hoyt, justice of the peace in Mt. Morris township, Genesee county.

---

[1] As this case did not proceed to trial, and as the defendant did not choose to file a brief with this Court, the facts which are related herein are drawn from the record of the proceedings below which includes both a transcript of the hearing on the motion and the court's opinion, and from the people's appellate brief.

[2] CLS 1961, § 257.728, as amended by PA 1965, Nos. 41 and 273 (Stat Ann 1965 Cum Supp § 9.2428).

[3] CLS 1961, § 257.628, as amended by PA 1963, No 143 (Stat Ann 1965 Cum Supp § 9.2328[1]).

The defendant appeared; a complaint and warrant were issued based upon this notice, and the defendant was arraigned in Mt. Morris township. He filed a motion to dismiss which was denied, and later, a supplemental motion to dismiss, which met the same fate. He followed these with the motion to dismiss in circuit court, which was granted after a hearing.

The offense charged in the matter on appeal is *not* one of the four specified in CLS 1961, § 257.727, as amended by PA 1965, No 41 (Stat Ann 1965 Cum Supp § 9.2427). We set forth this statute in its entirety, for comparison *infra.*

"Whenever any person is arrested without a warrant for any violation of this act or of a provision of any ordinance substantially corresponding to any provision of this act, punishable as a misdemeanor, the arrested person shall, without unreasonable delay, be taken before a magistrate or probate court within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense *and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:*

"(1) When the person is arrested upon a charge of negligent homicide.

"(2) When the person is arrested under section 625.

"(3) When a person is arrested upon a charge of reckless driving, if under the existing circumstances it does not appear that releasing such person pending the issuance of a warrant will constitute a public menace. The arresting officer may proceed in such cases as provided by section 728.

"(4) When a person arrested does not have in his immediate possession a valid operator's or chauffeur's license. If the arresting officer otherwise satisfactorily determines the identity of such person and the practicability of subsequent appre-

hension in the event of failure to voluntarily appear before a designated magistrate or probate court as directed, the officer may release such person from custody with instructions to appear in court, given in writing as prescribed by section 728." (Emphasis supplied.)

As a violation of the Michigan vehicle code punishable as a misdemeanor and not specified under the statute above was charged, the procedure followed in the issuance of a notice to appear and those taken subsequently, were pursuant to CLS 1961, § 257.728, as amended by PA 1965, Nos 41 and 273 (Stat Ann 1965 Cum Supp § 9.2428). Subsection (h) thereof then read:[4]

"A police officer may issue a notice to a person who is a driver of a motor vehicle involved in an accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed an offense under the act in connection with the accident. The officer shall prepare the notice in duplicate, setting forth the name and address of such person, the offense that may be charged against him and the time and place of the appearance of such person in court. The notice shall inform such person of the office, bureau or department to which requests for a change or adjournment of the court date must be made. This notice shall in printed form, prominently displayed, inform the person that such notice is not a criminal complaint, warrant or ticket of arrest."

It is the language of subsection (c) of said statute which controls our determination of the issue presented. It states:

"The place specified in the notice to appear shall be before a magistrate within the township or county

---

[4] This section was later amended by PA 1966, No 235, and this subdivision of the section was altered.

or probate court of the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense."

This clear and unambiguous language gives the arresting officer the option to designate the place where the alleged offender is to appear. The alternatives given in the statute are that the offender may be ordered to appear before a magistrate within the township *or* county *or* the probate court in which the offense charged is alleged to have been committed.

The legislative intent is thus expressed and needs no strained construction for application. We further note that when the language of CLS 1961, § 257.727, *supra,* is compared with that of the cited portions of CLS 1961, § 257.728, *supra,* that an additional expression of such intent is apparent. The former statute sets forth specific instances wherein the alleged offender must be brought before a magistrate in the township in which the offense was committed. In the latter statute, the restrictive language is omitted. The broad language of subsection (c), *supra,* upholds the people's contention that where the offense is *not* one of the four set forth in CLS 1961, § 257.727, *supra,* there is no requirement that the magistrate named in the notice to appear be the nearest magistrate. A magistrate in an adjoining township could properly hear the case.

Reversed and remanded for the entry of an order consistent with this opinion.

QUINN and BAUM, JJ., concurred.